CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 07, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKLIN WADE DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00593 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GREGORY CAPPS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Franklin Wade Davis, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining about legal proceedings in the Roanoke City courts and medical care at the Roanoke City Jail (RCJ). After review of the Complaint, I will summarily dismiss this action.

I.

Davis does not provide a detailed description of events relating to his claims in this case, but liberally construing his allegations, I find that he is asserting three claims. In Claim 1, he alleges that Public Defender Gregory Capps did not provide effective assistance of counsel relating to a preliminary hearing on a recent charge brought against Davis. Specifically, Davis alleges that Capps did not file a motion to dismiss as Davis had requested, did not share discovery materials with Davis, did

not file a motion to produce body cam footage, and did not prepare a defense argument for the preliminary hearing held on July 12, 2024.[1]  Davis then contends that he was "forced to fire" Capps and represent himself at the preliminary hearing. Compl. 3, ECF No. 1.  Without the body cam footage (which Davis claims would prove his innocence), Davis "was forced to take the stand, after questioning the officer, who by statement proved that [Davis] could not have possibly been in possession of the sand bag of am[m]unition." *Id.*  The Commonwealth's Attorney questioned Davis, but the judge did not allow Davis to cross-examine himself or give argument.  Davis claims the state did not meet its burden of proof, but the case was, nevertheless, transferred to the circuit court.  Davis also complains that Capps had a conflict of interest, since Davis had brought a civil suit against the public defender's office, and that Judge Carson of the circuit court had earlier denied his appeal bond.

In Claim 2, Davis alleges that after the preliminary hearing, the court dismissed the charge of possession of ammunition, and Davis claims that he should have been released from jail.  Instead, he was "held an additional 48" hours, after which he learned that he had been "charged with possession of a concealed weapon, but not a firearm." *Id.* at 4.  He was not released, rearrested, or served with a warrant about this new charge.  Davis claims that these events are evidence that the Roanoke

---

[1] The Complaint states the date of the preliminary hearing as July 12, 2025, but I presume that that the year of this hearing was 2024.

City law enforcement community has targeted him, as allegedly demonstrated by past events. Davis alleges that on October 5, 2022, Roanoke police detained him on a charge of distribution of "meth" brought by Roanoke prosecutor Sherry Mason.[2] *Id.* Davis claims that he entered a guilty plea to this charge in a plea deal that resulted in dismissal of all other charges against him. He has allegedly completed the sentence for this conviction and a subsequent probation term.

Davis alleges that in an earlier case, Commonwealth's Attorney Crystal Smith,[3] public defender Brian Barnett, and Judge Carson "fixed a burglary conviction." *Id.* Barnett allegedly refused to represent Davis, Smith failed to prove his guilt, and Carson found him "guilty with no proof." *Id.* After completing his jail time on this offense, Davis was allegedly released from any further probation requirements. Davis provides no dates for any of the events relating to the proceedings on this burglary offense.

In Davis' third claim, he complains that on an unspecified date, when he was arrested for a probation violation related to the burglary conviction, he had a broken hand. The intake nurse at the RCJ said she could not do anything for him until a doctor examined him and took X rays. After Davis filed a sick call request, RCJ

---

[2] Sources online indicate that Roanoke Assistant Commonwealth's Attorney Mason spells her first name as Sheri.

[3] Sources online indicate that Roanoke Commonwealth's Attorney spells her first name as Chrystal.

staff placed him on a waiting list, but he never saw a doctor or received pain medication. On March 22, 2023, Davis underwent an X ray of his hand. On March 30, 2023, "someone" examined Davis' hand, accused him of lying, and said information indicated that the injury to his hand had occurred years earlier. *Id.* at 6. Later, authorities transferred Davis to the "Botetourt Jail" for court proceedings. *Id*. The day of his arrival, a provider examined Davis' hand, put a splint on his finger, and gave him pain medication. Jail medical staff then scheduled Davis for an examination by an orthopedic surgeon for corrective surgery.

Davis filed his Complaint on August 30, 2024. In the heading of the complaint, he identifies only Capps, Smith, and Mason as defendants, seeking monetary damages.

## II.

Under 28 U.S.C. § 1915A(a), (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

First, Davis has not stated facts supporting any actionable claim under § 1983 against Capps as the public defender appointed to represent Davis' interest in the criminal proceedings. A public defender performing the duties of a criminal defense attorney does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–25 (1981). Davis complains that Capps did not file some motions that Davis believes he should have taken during his representation of Davis as defense counsel. All such actions by a defense attorney, however, do not qualify as a state action for which Capps could be subject to suit under § 1983. Therefore, I will dismiss all claims against Capps.[4]

Second, Davis also has not stated facts raising any viable § 1983 claim against the prosecutors named. It is well established that prosecutors have absolute immunity against civil suits based on activities they perform as officers of the court, where the challenged conduct was closely associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009). For

---

[4] In the Complaint, Davis also complains about actions by another defense attorney, Brian Barnett, and Judge Carson, but he does not identify Barnett or the judge as defendants in this case. Even if Davis intended to name these individuals as defendants, his § 1983 claims against them fail. Because Barnett's alleged errors as defense counsel do not qualify as state action, Davis cannot sue him for these actions under § 1983. *Dodson*, 454 U.S. at 325. Davis also cannot sue Judge Carson for judicial acts, because judges have absolute immunity against lawsuits concerning such acts. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

example, this absolute immunity applies when the prosecutor is initiating a prosecution, appearing in court to offer evidence in support of a warrant, or conducting a bond hearing, grand jury proceedings, pretrial motions hearings, or a criminal trial. *Id.* at 343. Under this precedent, Smith and Mason are immune from liability in Davis' § 1983 claims against them for their alleged actions while prosecuting the state's cases against him. Therefore, I will summarily dismiss such claims against Smith and Mason.

Third, Davis fails to connect his final claim to any of the defendants he has identified in this case. To state a viable § 1983 claim against anyone, the plaintiff must state facts showing action by each defendant that violated his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (citations and alteration omitted). In the facts about this claim, Davis mentions the RCJ, although he does not identify this entity as a defendant. Moreover, a local jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."). Finally, he fails to allege that any of the three defendants (Capps, Smith, or Mason) had any awareness of, or involvement with, the course of medical care provided to Davis at RCJ.

For the stated reasons, I will summarily dismiss this § 1983 action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

An appropriate Order will enter this day.

DATED: November 7, 2024

/s/ JAMES P. JONES
Senior United States District Judge